362    APPELLATE COURTS OF ILLINOIS.

Lansden v. Alexander County National Bank, 173 Ill. App. 362.

---

**John M. Lansden, Township Treasurer, Appellee, v. Alexander County National Bank, Appellant.**

1. STATUTORY LAW—*implied repeal not favored.* Repeal of statutes by implication is not favored unless they are so repugnant that they cannot operate together.

2. SCHOOLS—*implied repeal of general warrant act of 1901.* The school law of 1909, which gives school boards power to issue non-interest bearing warrants when there is no money in the treasury, does not expressly or impliedly repeal the General Warrant Act of 1901, providing that, where there is no money in the treasury,

a fund to meet expenses may be raised by all municipal corporations, including school boards, by issuing interest-bearing warrants against taxes already levied, and under such laws school boards may still issue interest-bearing anticipation warrants.

Appeal from the Circuit Court of Alexander county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed October 7, 1912.

JOHN M. LANSDEN, *Pro se,* for appellant.

DAVID S. LANDSEN, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

Judgment was rendered for the plaintiff under an agreed state of facts for the amount of $731.51, and this appeal is prosecuted by the defendant.

· This case was submitted under an agreed state of facts as provided by Section 103 of the Practice Act, including a statement of law, as claimed by the defendant as to whether under the Revised School Law of June 12, 1909, school directors or school boards can issue interest bearing anticipation warrants when there is no money on hand to meet and defray their ordinary and necessary expenses. The facts submitted, in substance, show that the appellee is the treasurer of Township 17, Range 1 West in Alexander county. That it has been customary for the appellant to cash school orders drawn by the board of education, and that in 1910 the board of education had no means to meet and defray the ordinary and necessary expenses of the school district, and drew anticipation warrants bearing five per cent. interest and cashed them at par at said bank and provided a fund to meet its expenses, and that interest to the amount of $731.51 had been paid upon these several warrants that had been issued. The appellee now claims that under the revised school law as enacted in the year 1909, that no authority was

364    APPELLATE COURTS OF ILLINOIS.

Lansden v. Alexander County National Bank, 173 Ill. App. 362.

given to issue interest bearing warrants, and he thereupon demanded that the bank refund the $731.51 paid to it, as interest upon these warrants, and the bank having refused so to do, the case was submitted to the court for its determination, which resulted in a judgment for the plaintiff for the full amount of the interest claimed. On May 31, 1879, an Act of the Legislature was passed under the general title of Warrants (Chap. 146a of Hurd's Revised Statute), sec. 2 thereof provided, "That whenever there is no money in the treasury of any county, township, city, school district or other municipal corporation to meet and defray the ordinary and necessary expenses thereof, it shall be lawful for the proper authorities of any county, township, city, school district or other municipal corporation to provide that warrants may be drawn and issued against and in anticipation of the collection of any taxes already levied by said authorities for the payment of the ordinary and necessary expenses of any such municipal corporation to the extent of seventy-five per centum of the total amount of any such tax levied; provided, that warrants drawn and issued under the provisions of this section shall show upon their face that they are payable solely from said taxes when collected, and not otherwise, and shall be received by any collector of taxes in payment of the taxes against which they are issued, and which taxes, against which said warrants are drawn shall be set apart and held for their payment."

In the year 1889, "An Act to establish and maintain a system of free schools" was passed and approved on May 21st, and by Section 149 of this Act a section was inserted giving the board of directors of schools the same power to issue anticipating warrants that was provided in the Act of 1879, with reference to warrants in general. On May 11, 1901, Section 2 of Chapter 146a, entitled Warrants, was amended to read as follows, "That whenever there is not sufficient money in the treasury of any county, city, town, vil-

lage, school district or other municipal corporation, to meet and defray the ordinary and necessary expenses thereof, it shall be lawful for the proper authorities thereof to provide a fund to meet said expenses by issuing and disposing of warrants drawn against and in anticipation of any taxes already levied by said authorities for the payment of the ordinary and necessary expenses of said county, city, town, village, school district or other municipal corporation to the extent of seventy-five per centum of the total amount of any such taxes levied.'' Section 3 was also enacted, which provided, every warrant issued under this act shall, unless paid within thirty days after its issuance, bear interest, payable only out of the taxes against which it shall be drawn, at the rate of five per cent. per annum from the date of its issuance until paid, or until notice shall be given by publication in a newspaper or otherwise, that the money for its payment is available, and that it will be paid on presentation unless a lower rate of interest shall be specified therein, in which case the interest shall be computed and paid at such lower rate. In 1909 an Act was passed entitled, ''An Act to establish and maintain a system of free schools;'' approved and in force June 12, 1909. Section 117 of this Act contains the same provision and almost in the same language, as Section 149 of the School Law in 1889.

The construction of the above statutes are involved in the determination of the question submitted.

It is claimed by counsel for appellee that as the school law of 1909, which contained the above statutory provision, was a revision of the law with reference to free schools, that Section 117 of that Act provided a complete and exclusive scheme for the issuance of anticipation warrants by school officers, as a substitute for the scheme provided in the General Warrant Act, so far as it applies to schools or school officers, and in the argument in support of this proposition reference is made to the case of the People v.

366 APPELLATE COURTS OF ILLINOIS.

Lansden v. Alexander County National Bank, 173 Ill. App. 362.

Town of Thornton, 186 Ill. 162, in which the court says, "Where the legislature frames a new statute upon a certain subject matter, and the legislative intention appears from the latter statute to be to frame a new scheme in relation to said subject matter, and make a revision of the whole subject matter, there is in effect a legislative declaration that whatever is embraced in the new statute shall prevail, and that whatever is excluded is discarded. The revision of the whole subject matter by the new statute evinces an intention to substitute the provision of the new law for the old law upon the subject." Several other authorities are referred to in support of this position. It would seem, upon first impression that this canon of construction would be conclusive upon the question here presented but upon reflection and examination of many authorities, there are other things to be taken into consideration besides the one here suggested in the construction of this statute. It is true, this purports to be "An Act to establish and maintain a system of free schools" but we do not think that where other statutes that are general in their character embody a provision for the benefit of schools, that is not repugnant to the Act passed, that it necessarily follows that such general Act is thereby repealed. Again, this same provision has been a part of the school law since 1889, and from the time of the enacting of the general law, with reference to warrants, on May 11, 1901, up to the revision of the school law in 1909, effect has been given to both the statute in the school law and the general statute in the warrant Act. We do not believe that the mere revision, such as is claimed for the school law of 1909, in which the old section of the school law of 1889 was simply re-enacted, almost literally, that it ought to be given any greater effect than it possessed under the original Act of 1889. It is provided by Section 2 of Chapter 131 of the Revised Statute of Illinois that, "The provisions of any statute, so far as they are the same as those of any prior

statute, shall be construed as a continuation of such provisions, and not as a new enactment;'' we think this fact, together with the public inconvenience, absurdity, the beneficial effect and repugnancy of the statute, and the evil to be remedied, if any, ought to be considered in determining the application of this rule. The provision in the school law of 1909 and the warrant Act of 1901 are not repugnant or even inconsistent, and it is conceded by counsel for appellee that they are not repugnant. The school Act of 1909, simply gives to the school board the power to issue non-interest bearing warrants when there is no money in the treasury; as we take it, these may be issued to the individuals with whom the school board transacts business, or to purchasers of supplies, etc., if they are willing to receive them; but the general warrant act of 1901, by its terms, provides that a fund may be raised by all municipal corporations, including school boards, to be used in the defraying of its expenses, when there is no money in the treasury, and it is very clear that the object of the legislature in passing this Act was to provide a means by which municipal corporations could transact business and pay the money for what was necessary to be purchased without being embarrassed in the issuing of non-interest bearing warrants. There is no express provision repealing the law of 1901. Repeals by implication are not favored when such laws are not repugnant; the law does not favor repeals by implication, and unless the earlier and later statutes are so repugnant that they cannot operate together, both should be treated as being in force. Galpin v. City of Chicago, 249 Ill. 554.

Even though two Acts are seemingly inconsistent, they should, if possible, be so construed that the later Act may not operate as a repeal of the earlier by implication. People v. Raymond, 186 Ill. 407.

It seems to us that to adopt the construction of this statute, as contended for by appellee, would result in great inconvenience to all school boards, and work an

injustice to all persons who might have occasion to transact business with such school boards when they had no money in the treasury, by being compelled to take non-interest bearing warrants in payment of just debts of the school board and then wait until the taxes were collected, without interest for their money; this, we think, is absurd and such a construction should be obviated, if it can be done without violence to the letter and spirit of law.

It is said by our Supreme Court, in the case of People v. Harrison, 191 Ill. 267, "When the literal enforcement of a statute would result in great inconvenience and cause great injustice, and lead to consequences which are absurd and which the legislature could not have contemplated, the courts are bound to presume that such consequences were not intended, and adopt a construction which will promote the ends of justice and avoid the absurdity. * * * In determining the meaning of a statute the court will have regard to existing circumstances or contemporaneous conditions, and also to the objects sought to be obtained by the statute and the necessity or want of necessity for its adoption." It certainly was not in the mind of the legislature to inconvenience and embarrass school boards by taking away from them a power that existed, giving them the right to provide a means of transacting the necessary business of the school district, upon a cash basis without any necessity for doing so. It seems to us that it has been the policy of the state to give to school boards equal powers with other municipalities, to conduct the business of maintaining free schools, and this is manifested by adding schools and counties to the General Warrant Act of 1895, which only gave cities, villages, and towns the right to borrow money and pay interest thereon, and this having been so long the recognized policy of the law of this state, we cannot see why a construction of a statute should be adopted that would, by implication, repeal a law that was in perfect harmony

with such public policy. It was said in the case of Wheeler v. Wheeler, 134 Ill. 522, "As we have seen, where two constructions can be given with equal facility, that must be adopted which comports with the public policy of the state."

Again, in the case of Loverin v. McLaughlin, 161 Ill. 429, the court says, "Statutes should be so construed as to give them a reasonable meaning, and should not be so interpreted as to lead to absurd consequences. Statutes will be construed in the most beneficial way which their language will permit to prevent absurdity, hardship or injustice; to favor public convenience, and to oppose all prejudice to public interests." It seems to us that the legislature in reenacting Section 117, in the laws of 1909, had in mind that this law had been in effect so long, as a part of the school law, and had been acted upon in connection with the General Warrant Act of 1901 for so many years that such a policy of giving a school board the benefits of both Acts would be continued as heretofore. It certainly does not appear that the legislature was, by the enacting of this section, undertaking in any manner to remedy any evil or to make any change in the legislation, and we are of the opinion that as these laws are not repugnant that the statute of 1909 should not, by implication, be construed as repealing the Act of 1901. To permit both sections to remain in force will result in a public benefit and convenience to the public, and we can see no reason why a school board should not as well pay interest upon money that it may become necessary to borrow, as any other municipality, or why it should be subjected to any greater embarrassment in carrying on the business of conducting schools than any other municipality in the transacting of its business; and it looks as if this construction is fair and just to all, and it is the order of this court that the judgment of the lower court be reversed and cause remanded, with directions to render judgment for the defendant.

*Reversed and remanded.*